# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | No. 26-1229 USA (Appellee) v. Isaac Neuberger (Appellant) |
| **Originating No. & Caption** | USA v. Neuberger, Case No.: 22-cv-02977-EA |
| **Originating Court/Agency** | U.S. District Court for the District of Maryland; Baltimore |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. 1291 | |
| Time allowed for filing in Court of Appeals | 60 | |
| Date of entry of order or judgment appealed | January 23, 2026 | |
| Date notice of appeal or petition for review filed | February 20, 2026 | |
| If cross appeal, date first appeal filed | N/A | |
| Date of filing any post-judgment motion | N/A | |
| Date order entered disposing of any post-judgment motion | N/A | |
| Date of filing any motion to extend appeal period | N/A | |
| Time for filing appeal extended to | N/A | |
| Is appeal from final judgment or order? | ⊙ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⊙ No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ◉ Yes | ○ No |
| Has transcript been filed in district court? | ◉ Yes | ○ No |
| Is transcript order attached? | ○ Yes | ◉ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | N/A | |
| Case number of any pending appeal in same case | N/A | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | N/A | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ◉ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| The Court awarded a judgment against an officer of a corporation because the corporation used some of its assets to repay third-party loans in the course of its business – actions the Court construed as preferential transfers which it concluded were acts of bankruptcy under the long-repealed Bankruptcy Act of 1898 – when the Government pled that the only basis for its claim was an alleged voluntary assignment. The Court found that such repayments were subject to the Federal Priority Statute despite not yet being finally determined or assessed as tax debts at the time, despite no lien having yet arisen under the Federal Tax Lien Act, and despite there being no transfer of property by the corporation for distribution amongst its creditors.  The Court imposed liability on the officer despite no contention that he was serving as either an assignee or administrator of the corporation's assets or that the corporation had petitioned for bankruptcy. |
| |
| In addition, the debt in which the government claimed priority was a tax debt incurred by the corporation as a result of the IRS disallowing interest deductions on its corporate tax returns because the loans were not bonafide and were in fact disguised equity.  The Court permitted the Government to prove the insolvency of the corporation by treating the very same loans as bonafide liabilities. |

**Issues** (Non-binding statement of issues on appeal.  Attach additional page if necessary)

See attached additional page

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel.  Attach additional page if necessary.)

| Adverse Party: United States of America | Adverse Party: |
|---|---|
| Attorney: Robert J. Wille<br>Address: US Department of Justice, Civil Division<br>P.O. Box 502<br>Washington, DC 20044 | Attorney:<br>Address: |
| E-mail: robert.j.wille@usdoj.gov | E-mail: |
| Phone: (202) 514-5573 | Phone: |

**Adverse Parties (continued)**

| Adverse Party: | Adverse Party: |
|---|---|
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| **Appellant** (Attach additional page if necessary.) | |
|---|---|
| Name: Isaac M. Neuberger<br><br>Attorney: James P. Ulwick<br>Address: Kramon & Graham, P.A.<br>750 East Pratt Street<br>Suite 1100<br>Baltimore, MD 21202<br><br>E-mail: julwick@kg-law.com<br><br>Phone: 410-752-6030; | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

| **Appellant (continued)** | |
|---|---|
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** /s/ James P. Ulwick       **Date:** _____

**Counsel for:** Appellant Isaac M. Neuberger

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| | |
| Signature: | Date: |

*No. 26-1229*
*USA (Appellee) v. Isaac Neuberger (Appellant)*

**Issues Presented for Appeal**

I. Where the government asserts priority on a claim for taxes, does the Federal Tax Lien Act (26 U.S.C. § 6321 et seq.) preempt the Federal Priority Statute (31 U.S.C. § 3713)?

II. Under the Federal Priority Statute, may a court award judgment to the government if the sole basis pleaded for the claim is that a "voluntary assignment" occurred and the court determines that some basis, other than the basis alleged, applies?

III. Do principles of judicial estoppel prevent the government from asserting that certain items are not liabilities (but, instead, equity) in order to seek taxes and, thereafter, for purposes of asserting priority under the Federal Priority Statute, assert that those same certain items are liabilities in order to prove insolvency?

IV. Was it error as a matter of law for the Court to consider expert testimony regarding the classification of the loans as debt or equity when the expert was not qualified in that regard?

V. Does the Federal Priority Statute prevent the passing of property to assignees in bankruptcy, under a conveyance, or to executors and administrators?

VI. Does the Federal Priority Statute apply only where all property of a debtor is assigned to a third party?

VII. Under the Federal Priority Statute, does an "act of bankruptcy" include a "preferential transfer"?

VIII. If a "preferential transfer" constitutes an "act of bankruptcy" after the repeal of its statutory basis (the Bankruptcy Act of 1978), must the federal government show that a petition for bankruptcy was filed and that such transfer was executed within four months of the transfer?

IX. Under the Federal Priority Statute, is the government entitled to a priority for claims of penalties and interest associated with the debt?

X.      Was it an abuse of discretion for the Court to consider evidence necessary for the government to prove the validity of its claim when such evidence was not produced in discovery and such information was specifically requested in discovery?

XI.     Was it error as a matter of law for the Court to award damages with respect to the claim of the government for those amounts that were already collected by the government by levy against the taxpayer?

2

4938-0705-5510, v. 1